George E. Mann, Appellant, v. Amos B. Ahrens, Appellee.
Amos B. Ahrens, Appellant, v. George E. Mann et al., Appellees.

### Gen. No. 6,387.   (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

### Statement of the Case.

Bill by George E. Mann, complainant, against Amos B. Ahrens, defendant, to restrain the collection of notes for corporate stock purchased of defendant and to obtain the cancellation thereof, and cross-bill by Amos B. Ahrens to enforce an alleged agreement for the release of a debt owed by cross-complainant to the corporation. From a decree dismissing the bill and cross-bill for want of equity, both parties appeal.

STAGER & STAGER, HENRY C. WARD and McCALMONT & RAMSAY, for appellant Amos B. Ahrens.

A. A. WOLFERSPERGER, C. C. McMAHON and SHEEAN & SHEEAN, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUD, § 59*—*what are prerequisites to relief against contract on ground of.* Equity will not grant relief against a contract on the ground of fraud unless such contract is at once repudiated on the discovery of the fraud and a tender to return what has been received is made.

2. CANCELLATION OF INSTRUMENTS, § 39*—*when dismissal of bill and cross-bill proper.* In a suit in equity where it appeared that the defendant, as practically sole owner of the stock in a corporation carrying on a dry goods business, sold certain of the shares to the complainant, and the latter, who was an experienced merchant, entered the business and after about eight months the parties entered into another contract pursuant to which the complainant made a further purchase of stock which was to be paid for in instalments, and, after having made a number of payments under the second contract, the complainant discovered that the defendant had concealed the fact that he was indebted to the corporation in a large sum, and complainant prayed that the collection of the notes be enjoined and the notes be delivered up for cancellation, but failed to offer to return the stock, and defendant filed a cross-bill alleging that the consideration for the second purchase was payment for the stock and also the release of his indebtedness, *held* that the action of the chancellor in dismissing both bills for want of equity was proper.

3. EQUITY, § 254*—*when amendment to bill properly refused.* An amendment to a bill offered after the expiration of more than a year from the filing of the answer, and eight months after a reference to the master to report the testimony, and over a month after the case had been heard by the court and taken under advisement, and where the proposed amendment tendered new and different issues from those which had been tried and were about to be determined, *held* properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. CANCELLATION OF INSTRUMENTS, § 26*—*when relief denied on bill and cross-bill because of laches.* In a suit in equity where the complainant in the original bill sought relief from a contract for the purchase of stock, on the ground of fraudulent concealment of a debt which the defendant owed to the corporation, and the defendant in the original bill sought by cross-bill to enforce an alleged agreement for the release of such debt, *held* that both parties were negligent and had slept on their rights, and neither was entitled to relief.